# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD SIERRA, VERONICA GOOCH, ROLAND SIERRA, LUCIA LLERAS DE LABRADA, PRISCILLA LLERAS-BUSH, in her personal capacity and as Personal Representative of the ESTATE OF OLGA ROMAGOSA, and SUZETTE NICOLE NEYRA HENDRICK, as personal representative of the estate of ANGELA ROMAGOSA FERNANDEZ, <br><br>     Plaintiffs, <br><br>         v. <br><br>TRAFIGURA TRADING LLC and TRAFIGURA GROUP PTE. LTD., <br><br>     Defendants. | C.A. No. 22-366 (GBW) <br> (Consolidated Action) |

## DEFENDANTS TRAFIGURA TRADING LLC AND TRAFIGURA GROUP PTE. LTD'S REPLY IN SUPPORT OF THEIR SUPPLEMENTAL MOTION TO DISMISS PLAINTIFF SUZETTE NICOLE HENDRICK'S CONSOLIDATED CLAIMS FOR FAILURE TO STATE A CLAIM

OF COUNSEL:

Alex J. Brackett
Caroline Schmidt Burton
Kathryn M. Barber
Juliet B. Clark
MCGUIRE WOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
(804) 775-1000

Andrew Thornton-Dibb
MCGUIRE WOODS LLP
88 16th Street N.W., Suite 500
Black Lives Matter Plaza
Washington, DC 20006
(202) 857-1700

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Defendants*

April 4, 2023

# **TABLE OF CONTENTS**

                                                                            **Page**

TABLE OF AUTHORITIES ................................................................................................ ii

ARGUMENT ........................................................................................................................ 1

      I.      Both the domestic takings doctrine and the Helms-Burton Act's statutory language require property to have been confiscated from a U.S. national. ........... 1

      II.     The transfer of the decedent's ownership interest to a trust upon her death, well after the statutory deadline of March 12, 1996, time-bars any claim under the Helms-Burton Act. ................................................................................. 2

CONCLUSION ..................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Citibank v. Grupo Cupey, Inc.*,
   382 F.3d 29 (1st Cir. 2004) ................................................................................................... 5

*Luxliner P.L. Exp., Co. v. RDI/Luxliner, Inc.*,
   13 F.3d 69 (3d Cir. 1993) ..................................................................................................... 5

*In re Estate of Phillips*,
   No. 06-22-00015-CV, 2022 WL 2919505 (Tex. App. July 26, 2022) ............................... 3, 4

**Statutes**

Helms-Burton Act .................................................................................................................. *passim*

22 U.S.C. § 6022 ............................................................................................................................. 1

22 U.S.C. § 6081 ......................................................................................................................... 1, 2

22 U.S.C. § 6082 ......................................................................................................................... 2, 3

22 U.S.C. § 6083 ............................................................................................................................. 2

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 1

Fed. R. Civ. P. 25 ........................................................................................................................... 1

Fed. R. Civ. P. 25(a) ................................................................................................................... 4, 5

Fed. R. Civ. P. 25(c) ................................................................................................................... 4, 5

**ARGUMENT**

In her Answering Brief responding to Defendants' Supplemental Motion to Dismiss, Plaintiff Suzette Nicole Neyra Hendrick, as personal representative of the estate of Angela Romagosa Fernandez, fails to show that the Helms-Burton Act permits claims for property confiscated from someone other than a U.S. national or that her claims are timely under the Helms-Burton Act's unique provisions. For the following reasons, as well as those already argued in the pending Motions to Dismiss in this consolidated action, Hendrick's claims should be dismissed.

**I.  Both the domestic takings doctrine and the Helms-Burton Act's statutory language require property to have been confiscated from a U.S. national.**

The application of the domestic takings rule to the Helms-Burton Act bars Hendrick's claims, as well as all other claims in the Consolidated Amended Complaint ("CAC"), D.I. 37. Defendants understood the Court's Memorandum Order on Plaintiff's Rule 25 Motion for Substitution, No. 21-cv-1606, D.I. 22 at 9, to direct Defendants to re-assert this and related arguments as they specifically relate to Plaintiff in the Rule 12(b)(6) context, and thus did so in their Supplemental Motion to Dismiss.

By its express terms, the Helms-Burton Act created a judicial remedy only for circumstances where U.S. nationals owned the underlying property at the time of confiscation. It speaks throughout its provisions about protecting against "theft of property _from_ United States nationals by the Castro government" and "protect[ing] United States nationals against confiscatory takings and the wrongful trafficking in property confiscated by the Castro regime," 22 U.S.C. § 6022(3) & (6) (emphasis added); the "wrongful confiscation or taking of property _belonging to_ United States nationals by the Cuban government, and the subsequent exploitation of this property," _id._ at § 6081(2) (emphasis added); and the trafficking of property "confiscated _from_

United States nationals," *id.* at § 6081(5) (emphasis added).  The provisions to which Hendrick cites do not lead to a different conclusion.  *See* D.I. 56 at 9-10.

Section 6081(3)(B)(iii) does discuss Cubans who fled Cuba and became naturalized citizens, as one of three groups that suffered property confiscation.  Of these three groups, the findings section subsequently indicates that the statute's intent is to create a judicial remedy only for "United States nationals who were the victims of these confiscations."  *Id.* at § 6081(11).  Section 6081(5) makes no reference to naturalized citizens at all, but rather discusses trafficking of assets "confiscated *from* United States nationals." *Id.* at 6081(5) (emphasis added). Hendrick's other citations in support of her argument are to a section omitted from the statute (*id.* at § 6083(b)), to a rule of construction clarifying that the Act is not adjusting or creating new rights under the International Claims Settlement Act of 1949 (*id.* at § 6083(c)(1)) and to a section that says nothing about naturalized citizens (*id.* at § 6082(a)(5)(C)).  D.I. 56 at 10.  Because Hendrick does not allege that the property for which she asserts an ownership claim was originally confiscated from a United States national, she does not state a plausible Helms-Burton Act claim.

Further, the Helms-Burton Act contains no language abrogating the domestic takings rule under which the taking of property from a foreign national by their government is not actionable in a U.S. court. Therefore Hendrick (like her co-plaintiffs) fails to make out a plausible Helms-Burton Act claim.

II. **The transfer of the decedent's ownership interest to a trust upon her death, well after the statutory deadline of March 12, 1996, time-bars any claim under the Helms-Burton Act.**

The Helms-Burton Act contains a unique timely acquisition rule that limits the potentially endless claims that would otherwise multiply under the statute.  Unlike other statutes of limitations, which relate to the timeliness of a legally significant *event* (such as an act causing injury), the Helms-Burton Act relates to the timeliness of the *transfer* of the interest underlying the cause of

2

action. Specifically, it provides that a United States national may not bring an action on a claim to property confiscated before the Act's effective date "unless such national acquires ownership of the claim before [March 12, 1996]." 22 U.S.C. § 6082(a)(4)(B). Hendrick alleges that the decedent, Angela Romagosa, acquired her ownership interest in the claim at issue in this case before that date. But Romagosa died testate on February 16, 2022, and her will directed her assets into a revocable trust. *See* D.I. 54-1. That trust therefore acquired ownership of any claims in 2022. Because the trust—the successor to Romagosa's claims—acquired the relevant ownership interest after March 12, 1996, the claim was not timely acquired.

Hendrick tries to escape this conclusion by asserting that the Act's timely-acquisition requirement relates only to when an action is first filed, because it would otherwise "require[] the plaintiff who timely brought the case to not die during the case." D.I. 56 at 13. This argument overlooks the Helms-Burton Act's unique structure. Under the Act, the timeliness of a claim depends largely upon issues of death and inheritance. For example, certain ownership interests are not actionable if they were exchanged for value, meaning the acquisition of such claims will almost always occur through inheritance or transfer upon someone's death. *See* 22 U.S.C. § 6082(a)(4)(C). Indeed, all the plaintiffs in this consolidated action allegedly inherited their claims, and Hendrick acknowledges that Romagosa acquired her own ownership interest upon her husband's death in 1986. CAC ¶¶ 97, 100. Romagosa's initial acquisition through inheritance may have initially made her claim timely, but the later transfer of that claim upon her death to the trust makes its further prosecution untimely under the Act, because that is how the Act is designed.

In an effort to avoid this conclusion, Hendrick erroneously contends that Romagosa's ownership interest in the Helms-Burton Act claim did not transfer at all upon her death. To support this proposition, she cites *In re Estate of Phillips*, No. 06-22-00015-CV, 2022 WL 2919505, at *5

3

(Tex. App. July 26, 2022). But that opinion is not about whether a transfer of interest occurred; it is about whether the powers of estate administration include the right to possession of real property within an estate. Such analysis about the physical possession of real property is irrelevant to the Helms-Burton Act claims at issue.

Further, the *Phillips* opinion does not stand for Hendricks' proposed rule. Instead, it explicitly holds that "a devisee under a will *holds a vested interest* in property *on the testator's death*." *Id.* at *5 (emphasis added). In other words, under Texas law, the right of ownership is transferred to the devisee immediately at the time of death, even if the ownership interest is subject to the terms of the will and circumstances of probate.[1] This rule confirms that Romagosa's interest transferred to the trust immediately upon her death, regardless of whether the estate's administrator is prosecuting the claims on the trust's behalf or whether circumstances of probate impose limitations on the trust's ownership interest. That transfer resulted in the trust's untimely acquisition of the claim.

Finally, though Hendrick contends that Defendants "gloss over the distinction between Rules 25(a) and (c)," D.I. 56 at 12, it is Hendrick who conflates the two provisions. This Court has already analyzed Hendrick's claim under Rule 25(a) and determined that the death of Angela Romagosa did not extinguish this type of claim under federal principles, such that substitution was

---

[1] Hendrick's reference to the probate court's order, which specifically discusses this Helms-Burton Act claim, *see* D.I. 56 at 13, further illuminates the potentially perverse results of the rule she suggests. She seems to suggest that Helms-Burton Act claimants can evade the timely acquisition requirement by simply prolonging the probate process for their ancestors indefinitely. For example, a plaintiff whose ancestor died in 1997, and who would otherwise untimely inherit a claim, could put the Helms-Burton Act claim (but no other actual assets) into probate and continue to prosecute the claim as an administrator of the ancestor's estate for years, never actually inheriting or transferring the claim (even if the remainder of the estate has been long settled and distributed) and never actually moving probate forward (even if the estate is uncontested and otherwise settled). This legal fiction creates an improper end-run around the Helms-Burton Act's timely acquisition requirements, potentially in perpetuity, and should be rejected.

allowable. No. 21-cv-1606, D.I. 22 at 4. But the Court has not considered whether the transfer of Romagosa's ownership interest to a trust affects the viability of her claim under the Helms-Burton Act's timeliness provision. Rule 25(c) governs such transfers of interest and is thus highly relevant to this case, even if Defendants have not moved for substitution of the trust as the party in interest.[2] Most importantly, while the question under Rule 25(a) is whether the death extinguishes the claim, the question under Rule 25(c) is whether the transfer of an interest affects the merits of the underlying action. *See Citibank v. Grupo Cupey, Inc.*, 382 F.3d 29, 30 & n.1 (1st Cir. 2004). The Court has not yet considered this question. The Court should resolve it on this Supplemental Motion to Dismiss by deciding that, under the Act, Romagosa's claim was transferred upon her death and thus became untimely as a matter of law.

For these reasons, Hendricks' claims are time-barred.

## **CONCLUSION**

For the foregoing reasons and those already briefed in the pending Motions to Dismiss in the *Sierra* matter, the claims of Plaintiff Suzette Nicole Neyra Hendrick, as personal representative of the estate of Angela Romagosa Fernandez, should be dismissed with prejudice.

---

[2] Substitution under Rule 25(c) is not mandatory. *Luxliner P.L. Exp., Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993) ("Rule 25(c) 'does not require that anything be done after an interest has been transferred.' *See* 7C Wright, Miller & Kane, *Federal Civil Procedure* (hereinafter 'Wright & Miller') § 1958 at 555 (2d ed. 1986).").

6

OF COUNSEL:

Alex J. Brackett
Caroline Schmidt Burton
Kathryn M. Barber
Juliet B. Clark
MCGUIRE WOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA  23219-3916
(804) 775-1000

Andrew Thornton-Dibb
MCGUIRE WOODS LLP
88 16th Street N.W., Suite 500
Black Lives Matter Plaza
Washington, DC  20006
(202) 857-1700

April 4, 2023

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 4, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Michael L. Vild, Esquire<br>CROSS & SIMON, LLC<br>1105 North Market Street, Suite 901<br>Wilmington, DE 19801<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| David A. Baron, Esquire<br>Melvin White, Esquire<br>Laina C. Lopez, Esquire<br>Jared R. Butcher, Esquire<br>BERLINER CORCORAN & ROWE LLP<br>1101 17th Street, N.W., Suite 1100<br>Washington, D.C. 20036-4798<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Richard W. Fields, Esquire<br>Martin F. Cunniff, Esquire<br>Edward Han, Esquire<br>FIELDS PLLC<br>1701 Pennsylvania Avenue, N.W., Suite 200<br>Washington, D.C. 20006<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

*/s/ Michael J. Flynn*

Michael J. Flynn (#5333)