**VIA CM/ECF**
The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street, Unit 28
Room 2325
Wilmington, DE 19801-3555

  Re: <u>Sierra, et al. v. Trafigura Trading, LLC, et al.</u>, C.A. No. 22-366-JLH-CJB

Dear Judge Burke:

  Pursuant to the Court's February 5, 2024 order, D.I. 6, the Parties submit this joint letter concerning their proposed Scheduling Order. The Parties agree on the substance of the proposed Scheduling Order and only disagree about when the Order should be entered. The Parties met and conferred about their disagreement on March 5, 2024, which is summarized below.

  With regards to the substance, the Parties have—as directed by the Court—based their proposed Scheduling Order on Judge Burke's form "Rule 16 Scheduling Order Non-Patent" up through and including paragraph number 10 of Judge Burke's order, and then on paragraphs 6 and 9-15 of Judge Hall's form "Rule 16 Scheduling Order Non-Patent." The Parties are in agreement on the substance of the proposed Scheduling Order.

  Specifically, the Parties disagree regarding the threshold question of when discovery should be opened.

  *Plaintiffs' Position on Discovery*

  Plaintiffs Suzette Nicole Neyra Hendrick, in her capacity as Independent Executor of the Estate of Angela Romagosa Fernandez, Richard Sierra, Veronica Gooch, Roland Sierra, Lucia Lleras De Labrada, and Priscilla Lleras, in her personal capacity and as Personal Representative of the Estate of Olga Romagosa ("Plaintiffs") propose that fact and expert discovery shall commence upon the Court's entry of the Scheduling Order. Plaintiffs oppose an open-ended stay of discovery. The first motion to dismiss in this case was filed in June 2022, almost two years ago. Plaintiffs' position is that further delay has a particular risk of prejudice here given the ages of some of the Plaintiffs. In fact, one of the Plaintiffs (Angela Romagosa) passed away shortly after filing her original complaint. Plaintiffs do not believe Defendants Trafigura Trading, LLC and Trafigura Group Pte. Ltd. (collectively, "Defendants") have identified a good reason to deviate from the Court's usual case schedule. Their position is that the motions to dismiss raise legal arguments that have been rejected by other courts, factual disputes that cannot be resolved at this stage and jurisdictional issues that apply only to one of the Defendants. Plaintiffs recognize that the Court has discretion to manage discovery in this case. Plaintiffs believe that the option proposed by Defendants—a full stay through an appeal of this Court's ruling on the motions to dismiss—would be incredibly prejudicial.

*Defendants' Position on Discovery*

Defendants respectfully submit that fact and expert discovery should commence after the Court has ruled on their dispositive motions, at a minimum after the Court has ruled on Trafigura Group Pte. Ltd.'s motion to dismiss for lack of personal jurisdiction, and only then after resolution of any related appeals that may follow. As explained in more detail in a motion and letter brief being filed concurrently with this submission, Defendants' position is that discovery should be stayed for three reasons. First, the Defendants' pending motions to dismiss would be case dispositive and, even if not granted in whole, could streamline the issues before the Court (and thus the scope of discovery). Second, the case is in its infancy, with discovery having not yet begun. Third, and finally, Plaintiffs will not be prejudiced by a stay, as a hearing is set on the dispositive motions and so any delay should be minimal.

Further, Plaintiffs have moved for jurisdictional discovery, which Defendants posit is an acknowledgement that there are threshold jurisdictional issues that must be resolved before the Parties proceed to the merits. While Defendants submit Plaintiffs have not demonstrated entitlement to jurisdictional discovery, it is Defendants' position that the Court should at least not allow merits discovery to proceed before those jurisdictional questions are answered.

\* \* \*

In sum, the Parties agree on the substance of the proposed Scheduling Order to be entered, but disagree on whether it should be entered immediately or only once the pending dispositive motions and any related appeals have been resolved. The Parties respectfully submit that the Court should take up this dispute at the forthcoming Case Management Conference.

Respectfully submitted,

| | |
|---|---|
| */s/ Michael L. Vild* | */s/ Michael J. Flynn* |
| Michael L. Vild (No. 3042) | Jack B. Blumenfeld (#1014) |
| CROSS & SIMON, LLC | Michael J. Flynn (#5333) |
| 1105 N. Market Street, Suite 901 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| Wilmington, Delaware 19801 | 1201 North Market Street |
| Tel: (302) 777-4200 | P.O. Box 1347 |
| Facsimile: (302) 777-4224 | Wilmington, DE 19899 |
| mvild@crosslaw.com | (302) 658-9200 |
| | jblumenfeld@morrisnichols.com |
| BERLINER CORCORAN & ROWE LLP | mflynn@morrisnichols.com |
| | |
| David A. Baron (admitted *pro hac vice*) | OF COUNSEL: |
| Melvin White (admitted *pro hac vice*) | |
| Laina C. Lopez (admitted *pro hac vice*) | Alex J. Brackett |
| Jared R. Butcher (admitted *pro hac vice*) | Caroline Schmidt Burton |
| 1101 17th Street, N.W., Suite 1100 | Kathryn M. Barber |
| Washington, D.C. 20036-4798 | Juliet B. Clark |

The Honorable Christopher J. Burke  Page 3
March 6, 2024

| | |
|---|---|
| Tel:  (202) 293-5555 | MCGUIREWOODS LLP |
| Facsimile:  (202) 293-9035 | Gateway Plaza |
| dbaron@bcr-dc.com | 800 East Canal Street |
| mwhite@bcr-dc.com | Richmond, VA 23219-3916 |
| llopez@bcr-dc.com | (804) 775-1000 |
| jbutcher@bcr-dc.com | |
| | *Attorneys for Defendants* |

FIELDS HAN CUNNIFF PLLC

Richard W. Fields (admitted *pro hac vice*)
Martin F. Cunniff (admitted *pro hac vice*)
Edward Han (admitted *pro hac vice*)
1701 Pennsylvania Ave, N.W., Suite 200
Washington, D.C. 20006
Tel: (833) 382-9816
fields@fieldslawpllc.com
MartinCunniff@fieldslawpllc.com
edhan@fieldslawpllc.com

*Counsel for Plaintiffs*