# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD SIERRA, VERONICA GOOCH, ROLAND SIERRA, LUCIA LLERAS DE LABRADA, PRISCILLA LLERAS-BUSH, in her personal capacity and as Personal Representative of the ESTATE OF OLGA ROMAGOSA, and SUZETTE NICOLE NEYRA HENDRICK in her capacity as Independent Executor of of the ESTATE OF ANGELA ROMAGOSA FERNANDEZ,<br><br>    Plaintiffs,<br><br>    v.<br><br>TRAFIGURA TRADING LLC and TRAFIGURA GROUP PTE LTD,<br><br>    Defendants. | Civil Action No. 22-366-JLH-CJB<br>CONSOLIDATED |

Michael L. Vild, CROSS & SIMON, LLC, Wilmington, DE; David A. Baron, Melvin White, Laina C. Lopez and Jared R. Butcher, BERLINER CORCORAN & ROWE LLP, Washington, DC; Richard W. Fields, Martin F. Cunniff and Edward Han, FIELDS HAN CUNNIFF PLLC, Washington, DC, Attorneys for Plaintiffs.

Jack B. Blumenfeld and Michael J. Flynn, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE; Alex J. Brackett, Caroline Schmidt Burton, Kathryn M. Barber and Juliet B. Clark, MCGUIRE WOODS LLP, Richmond, VA; Andrew Thornton-Dibb, MCGUIRE WOODS LLP, Washington, D.C., Attorneys for Defendants.

## MEMORANDUM OPINION

September 6, 2024
Wilmington, Delaware

*Christopher J. Burke*
**BURKE, United States Magistrate Judge**

1.  In this case, Plaintiffs Richard Sierra, Veronica Gooch, Roland Sierra, Lucia Lleras de Labrada, Priscilla Lleras-Bush (in her personal capacity and as personal representative of the Estate of Olga Romagosa) and Suzette Nicole Neyra Hendrick (as independent executor of the Estate of Angela Romagosa Fernandez) (collectively, "Plaintiffs") brought claims under Title III of the Cuban Liberty and Democratic Solidarity Act of 1996, codified at 22 U.S.C. §§ 6081-86 (the "Helms-Burton Act" or "HBA") against Defendants Trafigura Group Pte. Ltd. ("TGPL") and Trafigura Trading, LLC ("TTL" and collectively with TGPL, "Defendants"). (*See* D.I. 42 at 1; D.I. 46 at 1) Plaintiffs seek to recover damages and interest under the Helms-Burton Act against Defendants for allegedly trafficking in Plaintiffs' property that was wrongfully confiscated by the Cuban Government in 1960. (D.I. 37 at ¶¶ 1, 95) Presently pending before the Court is Defendants' motion to dismiss Plaintiff Suzette Nicole Neyra Hendrick's ("Hendrick") consolidated claims pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion"). (D.I. 54) For the reasons set forth below, the Court DENIES the Motion.

2.  The Court[1] writes briefly here and for the parties, who are well familiar with the relevant facts. It does so assuming familiarity with its prior August 14, 2024 Memorandum Opinion regarding TGPL's motion to dismiss (the "TGPL opinion"), (D.I. 85), and its September 6, 2024 Memorandum Opinion regarding TTL's motion to dismiss (the "TTL opinion"), (D.I. 87). And it does so by making use of the familiar standard for assessing a Rule 12(b)(6) motion.

---

[1] On January 25, 2024, United States District Judge Jennifer L. Hall referred this case to the Court to hear and resolve all pre-trial matters up to the pre-trial conference. (D.I. 61) On February 5, 2024, the parties jointly consented to the Court's jurisdiction to decide the instant Motion. (D.I. 64)

*See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). To the extent that certain factual allegations in the operative Consolidated Amended Complaint ("CAC") and aspects of the case's procedural history are particularly relevant to the Court's decision here, the Court will set them out below.

3.  On November 12, 2021, Plaintiff Angela Romagosa Fernandez ("Romagosa") filed a Complaint in this Court alleging that TTL trafficked in property confiscated by the Cuban government in which she holds an ownership interest (the "Property"), in violation of the HBA. (Civil Action No. 21-1606 (hereinafter, the "Romagosa matter"), D.I. 1) On February 16, 2022, Romagosa passed away in Texas. (D.I. 37 at ¶ 20(a)) On November 14, 2022, United States District Judge Gregory B. Williams granted Hendrick's motion to substitute herself in her capacity as the temporary administrator of Romagosa's estate pursuant to Federal Rule of Civil Procedure 25(a) ("motion to substitute"). (Romagosa matter, D.I. 22) In that opinion, Judge Williams noted that in opposing the motion to substitute, TTL had improperly raised several arguments that were irrelevant to such a motion—arguments that TTL could seek to raise at the appropriate time as part of a Rule 12(b)(6)-based motion to dismiss. (*Id.* at 9-10) The Romagosa matter was thereafter stayed. (D.I. 23)

4.  Meanwhile, members of Romagosa's extended family had filed this action (the "Sierra matter") on March 22, 2022, alleging that TTL violated the HBA regarding the same Property at issue in the Romagosa matter; TGPL was added as a defendant in this case two months later. (D.I. 1; D.I. 9) On February 23, 2023, the Sierra matter was consolidated with the Romagosa matter. (D.I. 36) Pursuant to the parties' stipulation (the "February 23, 2023 stipulation") regarding consolidation, the parties were permitted to re-file certain motions that they had filed previously, and Defendants were permitted "to bring any additional supplemental

3

Rule 12 motions that they contend may be *unique* to Plaintiff Hendrick." (*Id.* at 3 (emphasis added))

5. With their Motion, Defendants make two arguments. First, they assert that Hendrick fails to state a claim because: (1) the HBA requires that in order to allege a right to relief, a plaintiff must assert that her ownership interest derives from property that was confiscated from a United States national (and not, *inter alia*, from a Cuban citizen who later became a naturalized citizen of the United States); and (2) Hendrick fails to allege that her claim relates to Property taken from someone who, at the time of confiscation, was a United States national. (D.I. 54 at 3-5) Hendrick responds that this argument for dismissal is improper. She asserts that this is so because pursuant to the February 23, 2023 stipulation, Defendants were only permitted to raise arguments *unique* to Hendrick with the instant Motion—and this argument does not qualify as such, since *every Plaintiff's claim* traces back to the same two individuals. (D.I. 56 at 3-4) The Court agrees with Hendrick in this regard. Although Defendants' opening brief emphasizes that it "presents solely those arguments which are unique to Hendrick based on her individual allegations of ownership[,]" (D.I. 54 at 3; *see also id.* at 1), this first argument (i.e., about the Cuban citizenship of the Property owners at the time of confiscation) clearly applies to "all the other *Sierra* Plaintiffs"—since all Plaintiffs inherited their claims from the same two people, (*id.* at 5; *see also* D.I. 56 at 3). The argument is one that Defendants could have raised (but chose not to raise) in their opening briefing regarding their other previously-filed motions to dismiss Plaintiffs' claims.[2] Thus, it is improper in the context of the instant Motion. And so the Court will not consider it here. *See Nielsen Co. (US.), LLC v.*

---

[2] Indeed, as the Court noted in the TTL opinion, TTL belatedly raised this same argument in its reply brief in support of its motion to dismiss the CAC in the Sierra matter, and thus waived the argument with respect to that motion. (D.I. 87 at 31 n.21)

*TVision Insights, Inc.*, Civil Action No. 22-57-CJB, D.I. 177 (D. Del. Mar. 8, 2024) ("Litigating parties, represented by able [] counsel, are expected to uphold the agreements they make during a case, and the Court should ordinarily (absent extreme circumstances not present there) enforce such agreements.") (citing cases).

6. Defendants' second argument relates to the HBA's provision that states that "[i]n the case of property confiscated before March 12, 1996, a United States national may not bring an action under this section on a claim to the confiscated property *unless such national acquires ownership of the claim* before March 12, 1996." 22 U.S.C. § 6082(a)(4)(B) (emphasis added). Upon her death in 2022, Romagosa's ownership interest in the Property was transferred to a trust, pursuant to her will. (D.I. 54 at 6; *id.*, ex. 1)[3] According to Defendants, "[c]ourts across the country analyzing this provision have held that any further transfer of an ownership interest in such a claim after March 12, 1996, by inheritance or otherwise, creates a time bar on the right to relief under the statute's provisions." (D.I. 54 at 6) In other words, Defendants argue that Hendrick fails to state a claim because the transfer of Romagosa's ownership interest to a trust in 2022, long after the March 12, 1996 statutory deadline, renders Hendrick's claim time-barred under the HBA. (*Id.* at 6-9) This argument is not persuasive either. As Hendrick retorts, the key phrase in the statutory provision at issue is "bring an action[,]" which, when used in a federal statute, means "to commence" an action. (D.I. 56 at 7); *Redmond v. ACE Am. Ins. Co.*, 614 F. App'x 77, 79-80 & n.3 (3d Cir. 2015). The Romagosa matter was commenced by

---

[3] The Court has taken judicial notice of Romagosa's publicly filed will. *See Bos. Consulting Grp., Inc. v. GameStop Corp.*, Civil Action No. 22-363-CJB, 2023 WL 2683629, at *3 n.3 (D. Del. Mar. 29, 2023) ("In resolving a motion to dismiss, a court typically only considers the allegations in the complaint, the exhibits attached thereto, documents or facts that are incorporated by reference into the complaint or that are otherwise integral to the complaint's allegations, matters of public record and items for which the court can take judicial notice.").

Romagosa in November 2021, before Romagosa's death.  And at the time she commenced that action, Romagosa was a qualified person to bring such a claim (i.e., one who had acquired ownership of her claim prior to March 12, 1996).  (Romagosa matter, D.I. 1 at ¶ 7)  Thus, she fulfilled the HBA's requirements with regard to who may "bring an action."  *See Soto v. Expedia Grp., Inc.*, Case No. 20-24044-CV-MIDDLEBROOKS, D.I. 138 at 1, 12-13 (S.D. Fla. Apr. 3, 2024) (rejecting defendant's argument that the plaintiff's "case died with him and cannot be maintained by his estate" where the plaintiff filed suit in 2020 and passed away in 2021, as there was no question that the plaintiff "would not be barred by the limitations in [Section] 6082(a)(4)(B)[,]" since the property at issue was confiscated before March 12, 1996 and the plaintiff was a U.S. national who acquired his ownership of the claim before March 12, 1996) (attached to D.I. 76, ex. A).  TTL has no good response to Hendrick's argument regarding the meaning of "bring an action" in the HBA's Section 6082(a)(4).  Indeed, in TTL's reply brief, it never directly grapples with the plain meaning of those three words in the statutory text.  (*See* D.I. 58 at 3)  Moreover, and in contrast to the facts here, all of the cases cited in support by TTL were *brought* by (i.e., *commenced* by) plaintiffs who did not acquire ownership of their claims to the allegedly trafficked property until after March 12, 1996.  (D.I. 54 at 6 (citing cases); *see also* D.I. 56 at 8)  As noted above, that is not the case here.

   7.  For these reasons, the Motion is DENIED.  An appropriate Order will issue.